### HARTFORD NATIONAL BANK & TRUST COMPANY
### v. EDWARD DANSKY

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 88025

Memorandum filed June 28, 1951.

*Hurwitz & Berman* and *Albrecht & Richman*, of Hartford, for the Plaintiff.

*Spellacy & Aron*, of Hartford, for the Defendant.

KING, J. On November 2, 1950, the plaintiff obtained judgment against the defendant in the amount of $4439.08 and the court ordered the defendant to make payments of $5 a week on that judgment. No payments have ever been made. The plaintiff seeks the defendant's commitment for contempt for his failure to pay in accordance with the court's order.

The plaintiff claims that the court has inherent power to punish as a contempt a disobedience of any order made by it; that such an order was made here; and that consequently contempt lies for its culpable disobedience.

The vice in this argument is that the only authority for the entry of the order for the instalment payment of the money judgment was General Statutes, § 8102(a). Such a procedure for the collection of a money judgment at law is otherwise unauthorized. The action was commenced in 1939 and the writ contained a notice of intention to seek satisfaction of the judgment from the defendant's earnings from personal services as required by § 846d of the 1937 Supplement, forerunner of General Statutes, § 8102. This indicates that the plaintiff was relying on that statute. Furthermore, the order is solely dependent upon General Statutes, § 8102(a) for its valid existence. Consequently it can have no efficacy beyond that derived from that statute.

The plaintiff in effect concedes that General Statutes, § 8102 does not authorize a contempt procedure. In this it is correct. The original statute (§ 846d) adopted in 1937 did provide for such a contempt process. By its amendment in 1939 (§ 1414e) that part of the 1937 act was eliminated and the present statute (§ 8102) took its place.

The motion to adjudge the defendant in contempt is dismissed.